**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaylene Dudley, ) | CV 12-00099-PHX-MHB |
|         Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) Security Administration ) | |
| ) | |
|         Defendants. ) | |
|                              ) | |

On January 17, 2012, Plaintiff Gaylene Dudley (hereinafter, "Dudley") filed a Complaint seeking judicial review of the Decision of the Appeals Council for the Social Security Administration ("Appeals Council") denying a Request for Review of an Administrative Law Judge's ("ALJ") decision, dated May 9, 2011, denying Dudley's request for disability benefits, and the upholding of that denial on November 18, 2011, following receipt of additional evidence. (Doc. 1.) Pending before the Court is Defendant Michael J. Astrue's, Commissioner of Social Security Administration ("Commissioner"), Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure for lack of subject matter jurisdiction. (Doc.18.) On April 5, 2012, Dudley filed a Response. (Doc. 20.) After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

///

///

///

## BACKGROUND

On March 18, 2010, an ALJ issued a decision denying Dudley's application for Widow's Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 405. (Doc. 19-1 at 8-15.) Dudley requested the Appeals Council review the decision, and on May 9, 2011, the Appeals Council sent, by mail addressed to Dudley, notice that it denied Dudley's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt. (Doc. 19-1 at 22-24.) On October 14, 2011, Claimant submitted new evidence and contentions to the Appeals Council. (Doc. 19-1 at 3.)[1] On November 18, 2011, the Appeals Council notified Dudley that, construing Dudley's submission as a request to reopen, it had found no basis to reopen and change the March 18, 2010 decision of the Commissioner. (Doc. 19-1at 28-29.) The Appeals Council also advised Dudley that under "our rules, [Dudley] [did] not have the right to court review of [the] denial of [Dudley]'s request for reopening." (Id.) On January 17, 2012, Dudley filed an action pursuant to 42 U.S.C. § 405 seeking judicial review of the denial of Dudley's Social Security benefits application. (Doc. 20 at 2.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure authorize a motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Federal courts are of limited jurisdiction, possessing power authorized by the Constitution and statute. U.S. v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). When jurisdiction ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. Steel Co. v. Citizens for a Better Environment,

---

[1] Dudley contends that the evidence was originally submitted to the Appeals Council on December 16, 2010, but that it was not considered at any stage of the review, and that the evidence was resubmitted on July 27, 2011. (Doc. 20, at 1-2.) Dudley provides no evidence to support these assertions, and the record of the Appeals Council does not support these assertions. (Doc. 19-1, at 3.)

- 2 -

523 U.S. 83, 94 (1998). Thus, dismissal of a complaint for lack of subject matter jurisdiction is proper if the if the court does not have the power to grant relief. U.S. v. Bravo-Diaz, 312 F.3d 995, 997 (9th Cir. 2002).

## DISCUSSION

### 1. Untimely Complaint

The Commissioner argues in its Motion to Dismiss that Dudley failed to file suit seeking judicial review of the "final decision" of the Commissioner within the 60-day time period set forth in section 205 (g) and (h) of the Social Security Act, 42 U.S.C. § 405(g). The Commissioner also asserts that no circumstances exist to justify equitable tolling of the 60-day time period. In response, Dudley argues that the 60-day limitations period did not commence until November 18, 2011, the date the Appeals Council denied her request to reopen, and the date on which Dudley claims her administrative remedies were exhausted, and "final decision" of the Commissioner obtained.

42 U.S.C. § 405(g) and (h) govern judicial review of the Commissioner's administrative decision, which read in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.[2]
>
> (h) The findings and decisions of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising out of this subchapter.

42 U.S.C. § 405 (g)-(h) (2010).

---

[2] "Mailing" is construed as the date of receipt of the notice, which is presumed to occur five days after the date of notice unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210 (c); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

Section 405 (g) and (h) operate as a statute of limitations establishing the time period in which a claimant may appeal a final decision of the Commissioner. Heckler, 811 F.2d at 1277. The time limit set forth in Section 405(g) must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986). See Fletcher v. Apfel, 210 F.3d 510 (5th Cir. 2000)(affirming summary judgment in favor of commissioner for filing suit one day past the deadline).

Here, the Appeals Council sent notice to Dudley on May 9, 2011 of its denial of Dudley's request to review the Commissioner's March 18, 2010 decision denying benefits. That notice also informed Dudley of the right to commence a civil action for judicial review within 60 days of the date of receipt. The last day, therefore, that Dudley could have filed a civil action pursuant to section 405 (g) was July 8, 2011. Dudley filed suit on January 17, 2012, over six months after the deadline.

Dudley argues that November 18, 2011 is the date on which her administrative remedies were exhausted, the Commissioner's decision became "final," and the 60-day filing period began to toll. Dudley claims that additional evidence of disability, she alleges was submitted on December 16, 2010, was erroneously overlooked by the Appeals Council in their determination to deny Dudley's request of review of Commissioner's March 18, 2010 decision. Additionally, Dudley states that because the evidence was not considered by the Appeals Council, a final decision was not reached until all administrative remedies were exhausted to correct this error. Dudley cites Kildare v. Saenz, 325 F.3d 1078 (9th Cir. 2003) to support her argument that a final decision was not obtained until all administrative remedies were exhausted.

In Kildare, the court identified that "a final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." Id. at 1082. Additionally, Dudley cites Bowen, 476 U.S. at 484, for the its finding that exhaustion is important to prevent interference with an agency and its processes, allow an agency the opportunity to correct any errors, and

compile a record which is adequate for judicial review. Id. The Court is not persuaded that the November 18, 2010 decision by the Appeals Counsel operates as the date Dudley's administrative remedies were exhausted.

First, Dudley fails to support her assertions that (1) additional evidence of disability was in fact submitted to the Appeals Council on December 16, 2010, or (2) if it had been received, that the Appeals Council incorrectly considered the evidence in its decision to deny Dudley's Social Security benefits claim. The record reflects that the only additional evidence of disability submitted by Dudley was received by the Appeals Council after its initial decision, on October 14, 2011. In the absence of support of Dudley's claims, the Court finds that all administrative remedies were exhausted on May 9, 2011, the point the Appeals Council denied Dudley's request for review of Commissioner's March 18, 2010 decision.

Furthermore, the Appeals Counsel's decision to deny the reopening of the Commissioner's decision does not constitute a new final decision. See, e.g., Banta v. Sullivan, 925 F.2d 343 (9th Cir. 1991); Triplett v. Heckler, 767 F.2d 210 (5th Cir. 1985). Allowing claimants to extend their time for filing in district court "simply by submitting additional materials which the Appeals Council considers when determining whether to reopen a case would frustrate Congress' intent 'to limit judicial review to the original decision denying benefits [and thereby] forestall repetitive or belated litigation of stale eligibility claims.'" Banta, 925 F.2d at 345 (quoting Califano v. Sanders, 430 U.S. 99, 108 (1977)). Since the letter sent on November 18, 2011 does not constitute a new final decision of the Commissioner, the 60-day filing period began to run on May 9, 2011.

The Court– finding that Commissioner's decision became final on May, 9, 2011– determines that the deadline for Dudley to commence a civil action was July 8, 2011, and that therefore, her Complaint, filed on January 17, 2012, should be dismissed as untimely.

///

- 5 -

### 2.     **Equitable Tolling**

The Commissioner asserts that no circumstances exist to justify equitable tolling of the 60-day filing time period set forth in 42 U.S.C. § 405 (g) beyond July 8, 2011. In response, Dudley argues that the 60-day time period was tolled until Dudley exhausted all administrative remedies. Specifically, Dudley contends that all administrative remedies were not exhausted until November 18, 2011, essentially reiterating her claims above.

The 60-day limitations period set forth in 42 U.S.C. §405 (g) may be extended by (1) the Commissioner of the Social Security pursuant to 20 C.F.R. § 404.1482 and § §404.1411 or (2) the courts applying equitable tolling principles. Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir. 1993) (citing Bowen, 476 U.S. at 481). In this instance, Dudley argues the 60-day filing time period should be tolled under the second prong, the court's application of equitable tolling principles.

Traditional equitable tolling principles are sparingly applied in situations "where the claimant actively pursued his judicial remedies by filing a defective pleading during the statutory time period, or where the complainant has been induced or tricked by his adversary's misconduct in allowing the filing deadline to pass." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); See also Bowen, 476 U.S. at 481-82 (equitably tolling the filing period where confidential internal policy prevented claimants from knowing the basis of their claim); Vernon, 811 F.2d at 1275, 1278 (equitably tolling the filing period where Plaintiff allegedly was told by an employee of the Social Security Administration that the deadline would be extended). Principles of equitable tolling do not extend to "what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.

Dudley's argument that the filing period should be tolled until November 18, 2011, fails, as she can not establish that the Appeals Council committed an error in considering evidence of Dudley's disability. In the event that Dudley could demonstrate

the Appeals Council committed an error, Dudley fails to establish the pursuit of administrative remedies to correct the error prevented Dudley from filing the suit within the 60-day time period. Further, Dudley asserts in her Response that the additional evidence was also submitted to the Appeals Council on July 27, 2011. She provides no support for this assertion, and in any event, even if she did, the submission would have exceeded the last day to file a civil action by 18 days. Dudley's October 14, 2011 submission occurred 159 days after receiving notice of the Appeals Council's final decision. Dudley's actions fail to establish an "active pursuit of judicial remedies within the statutory period."

Additionally, unlike the Claimant in Bowen, who missed the filing deadline due to secretive internal agency policies, Dudley was well informed of the time period in which Dudley had to further proceed with the Social Security claim. The record shows that on May 9, 2011, Dudley received notice of Commissioner's final decision and of the right to seek judicial review of said final decision within 60 days.

Moreover, unlike the Claimant in Vernon, who missed the filing deadline after being misinformed by an employee of the Social Security Administration, Dudley does not establish that her civil suit was untimely filed because she was mislead by an employee of the Social Security Administration. Furthermore, the record does not indicate that Dudley relied upon actions or words of any member of the Social Security Administration which subsequently caused Dudley to file the suit past the deadline. In the absence of such misconduct or misinformation, equitable tolling principals cannot be applied.

The Court determines that the circumstances set forth in Bowen and Vernon are distinguishable from the instant matter. Accordingly, Dudley has failed to establish a circumstance to justify equitably tolling the filing period beyond July 13, 2011. Thus, the Court will grant Commissioner's Motion to Dismiss for Dudley's failure to timely file civil suit pursuant to section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g).

**CONCLUSION**

The Court – finding that Dudley's Complaint seeking judicial review is untimely, and that Dudley has failed establish a circumstance to justify tolling the 60-day limitations period– lacks subject matter jurisdiction to hear this matter and will grant the Commissioner's Motion to Dismiss.

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure for lack of subject matter jurisdiction, (Doc.18), is granted.

DATED this 31st day of July, 2012.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge